IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA FINCH, as Next Friend of
JOHNNY EBERT                                                    PLAINTIFF


VS.                              CASE NO. 05-CV-4070


TEXARKANA SCHOOL DISTRICT
NO. 7 OF MILLER COUNTY                                          DEFENDANT


**ORDER**

Before the Court is a Motion for a New Trial filed on behalf of Plaintiff Linda Finch.

(Doc. No. 66).  The Defendant has responded to the motion.  (Doc. No. 68).  The matter is ripe

for consideration.

On September 28, 2005, the Plaintiff Linda Finch filed this action as next friend of her

son, Johnny Ebert, against Defendant Texarkana School District No. 7 of Miller County.

Plaintiff's claims arose from the sexual assault of her son by Willie Jackson at Arkansas High

School and were brought pursuant to 42 U.S.C. § 1983, Title IX of the Education Amendment of

1972 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  On June 24, 2008, a jury trial

began in this case.  Following the close of Plaintiff's case in chief, the Defendant moved for

Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a).  Upon consideration of the

motion and the Plaintiff's response, the Court found that there was no legally sufficient

evidentiary basis upon which the jury could find for the Plaintiff in regard to any of her claims.

Thereafter, the Court granted the Defendant's Rule 50 motion and Plaintiff's claims were

dismissed with prejudice. The Plaintiff then filed a Motion for New Trial under Fed. R. Civ. P.

59.

In the motion, Plaintiff claims that she established at a minimum fact issues on all elements of her claims. Therefore, the Court should have allowed the case to proceed to the jury. She requests that the Court grant her a new trial.

In order to prevent a miscarriage of justice, a court may set aside a verdict and order a new trial or alter and amend a judgment. *See* Fed. R. Civ. P. 59. Although Plaintiff has termed her motion as one for new trial under Rule 59(a), it appears to the Court that Plaintiff is in fact questioning the correctness of the Court's Judgment as a Matter of Law. Therefore, the Court will treat Plaintiff's motion as one to alter or amend judgment under Rule 59(e), rather than a motion for a new trial under Rule 59(a). *See Norman v. Arkansas Dept. of Education,* 79 F.3d 748, 750 (8th Cir.1996)(stating that any motion, whatever its label, that questions the correctness of a judgment is functionally a motion to amend or alter under Rule 59(e)).

Federal Rule of Civil Procedure 59(e) was adopted to make clear that a district court has the power to correct its own mistakes in the time period immediately following entry of judgment. *Id.,* (citing *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). Under the rule, the Court may alter or amend its judgment only if it finds a manifest error of law or fact in its ruling. *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 252 (7th Cir.), *as amended,* 825 F.2d 710 (7th Cir.1987), quoting in turn, *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665-66 (N.D.Ill. 1983), *aff'd,* 736 F.2d 388 (7th Cir.1984). It may not be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of the judgment. *Id.*

In reviewing the Plaintiff's evidence presented at trial, the Court finds no manifest error

of law or fact that would justify amending or altering its judgment as a matter of law.  Therefore,

Plaintiff's motion should be and hereby is **denied**.

IT IS SO ORDERED, this 28th day of January, 2009.


/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge