IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA FINCH, as Next Friend of
JOHNNY EBERT                                                                                    PLAINTIFF


VS.                                          CASE NO. 05-CV-4070


TEXARKANA SCHOOL DISTRICT
NO. 7 OF MILLER COUNTY                                                                    DEFENDANT


## ORDER

Before the Court is a Bill of Costs filed on behalf of the Defendant Texarkana School District No. 7 of Miller County.  (Doc. No. 65).  As the prevailing party in this action, Defendant asserts that it is entitled to costs in the amount of $2,353.63.  Plaintiff objects to the Bill of Costs. (Doc. No. 67).  The Defendant has responded to Plaintiff's objections.  (Doc. No. 69).  The matter is ripe for consideration.

The Federal Rules of Civil Procedure state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed.R.Civ.P. 54(d)(1).  This rule presumes an award of costs; however, the district court has substantial discretion in awarding such costs.  *Computrol, Inc. v. Newtrend, L.P.,* 203 F.3d 1064, 1072 (8th Cir. 2000)(citations omitted).  The indigency of the losing party is a reason the court should consider when determining whether to tax costs, *Lampkins v. Thompson,* 337 F.3d 1009, 1017 (8th Cir. 2003), and is a valid reason for not awarding them.  *Poe v. John Deere Co.,* 695 F.2d 1103, 1108 (8th Cir. 1992).

In her opposition to the Defendant's Bill of Costs, Plaintiff states that she is indigent and

does not have the ability to pay any costs in this matter.  She states that she and her son are on SSI disability for mental and physical disabilities.  She also states that she is unable to work because of her disabilities and because she is the full time care giver for her disabled son.  Based upon this information, the Court finds that the Plaintiff is indigent.

Although costs may be awarded against an indigent person, it is appropriated for the Court to consider the economic hardship on the party against whom costs are assessed. *Lampkins,* 337 F.3d at 1017.  In this case, the Plaintiff is unable to work because of her own disability and the fact that she must stay home and care for her disabled son.  The Court believes that to award Defendant its costs would be an undue economic hardship on the Plaintiff.  Thus, the Court, in the exercise of its discretion, declines to award Defendant its costs in this matter.  Accordingly, Defendant Texarkana School District No. 7 of Miller County's Bill of Costs is hereby **denied**.

IT IS SO ORDERED, this 28th day of January, 2009.


    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge